ALLEN *v.* ALLEN.

DIVORCE—SEPARATE MAINTENANCE—FAULT OF BOTH PARTIES—CHIL-
DREN—COSTS.

> In husband's suit for divorce in which wife filed cross bill seek-
> ing separate maintenance, under record showing that neither
> of the parties is without fault, decree dismissing bill and cross
> bill is affirmed on husband's appeal without costs to either
> party, where there are two young children who need the guid-
> ance and affection of both parents who, by mutual forbear-
> ance and joint effort, are in a position to restore the respect
> and consideration which once prevailed in their marriage.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted April 9, 1947. (Docket No. 18, Calendar
No. 43,602.) Decided June 27, 1947.

Bill by Vernon A. Allen against Eldora Allen for
divorce on ground of extreme and repeated cruelty.
Bill and cross bill dismissed. Plaintiff appeals.
Affirmed.

*Uhl, Bryant, Snow & Slawson,* for plaintiff.

*Thomas G. Roach,* for defendant.

BUTZEL, J. Vernon A. Allen, plaintiff and appel-
lant herein, brought suit for divorce against Eldora
Allen, defendant, on February 28, 1946. The parties

(238)

have been married over 12 years during most of which time they seemed to get along with each other quite satisfactorily. They have two sons, one 7 and the other 11 years of age. Plaintiff charges his wife with extreme cruelty, alleging that she has an ungovernable temper, that she repeatedly and unjustly accused him of infidelity, and that she indulged in bickering and faultfinding to such an extent that he was compelled to leave home. Defendant denies most of the charges, but alleges that her accusations were well justified, that plaintiff overindulged in the use of liquor, and that his conduct toward her was such as to provoke one of the most equable temperament. Defendant filed a cross bill in which she charges plaintiff with extreme cruelty and seeks a decree for separate maintenance.

The testimony indicates that both plaintiff and defendant are frugal and hard working. Defendant took good care of the children and the home and has been working in a cafeteria to supplement the family income since plaintiff left her. Plaintiff is himself an industrious person who has enjoyed steady employment for many years. Notwithstanding the fact that occasionally he drank to excess and in one or two instances came home intoxicated, there is no showing that he has ever neglected the needs of his family. It is true that there were some actions on his part that would have aroused the suspicions of a person more trusting than defendant, nevertheless, the record does not even remotely support the allegation of infidelity. Plaintiff's refusal to make proper explanation to defendant resulted in further distrust and the nagging and bickering complained of by plaintiff inevitably followed.

There are two young children who require the careful guidance and affection of both parents.

The latter by mutual forbearance and joint effort are in a position to restore the respect and consideration which once prevailed in their marriage. The record shows that neither of the parties is without fault and the trial court so held. We are entirely in accord.

The decree dismissing the bill and cross bill are herewith affirmed, without costs to either party.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.